E-filed 3/21/2017

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERARDO PEREZ,

   Plaintiff,

  v.

SANTA CRUZ, CITY OF, et al.,

   Defendants.

Case No.15-cv-02527-BLF   (HRL)

**ORDER RE: DISCOVERY DISPUTE JOINT REPORT #1**

Re: Dkt. No. 37

   Plaintiff Gerardo Perez ("Perez") is a police officer employed by the City of Los Angeles ("Los Angeles").  While off duty and visiting Santa Cruz with some friends, he had an encounter with City of Santa Cruz ("the City") police officers that resulted in his arrest.  As a consequence, Perez filed suit against the City and several of its officers, alleging claims under 42 U.S.C. Section 1983 for violation of his First, Fourth, and Fourteenth Amendment rights under the U.S. Constitution and a claim for intentional infliction of emotional distress.  Dkt. No. 1.  His damage claims include loss of income from his employment because of a disciplinary suspension and thwarted promotional opportunities.  *Id.*, ¶¶ 35, 38-40.

   Because Perez's damage claims implicate his employment, the defendants subpoenaed his personnel records.  Dkt. No. 37, Ex. A.  Los Angeles did not dispute that Perez's records were relevant, but wanted a protective order before producing them.  The parties worked out a stipulated order, and the court signed it.  Dkt. No. 36.  But then Los Angeles introduced another requirement.  It wanted the court to issue an order compelling production of the records.  In fact, it insisted on such an order, and said it was concerned with a California police officer's right to privacy under state law.  Dkt. No. 37.

   Los Angeles seems to be confusing criminal law with civil law.  In the criminal context discovery is quite limited.  Not so under civil law.  Under civil law, at least in a federal court, a

United States District Court
Northern District of California

litigant has no right to privacy over issues that the litigant has injected into the case.  *See Weiland v. City of Concord*, No. 13-cv-05570-JSC, 2014 WL 3883481, at *2 (N.D. Cal. Aug. 7, 2014).  Not even income tax returns are "privileged" in federal court, although a good reason must be shown to require their production.  *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).  Privacy rights, even where they are recognized by law, can be trumped by the importance to the case of disclosure.  *See Taylor v. L.A. Police Dep't*, No. EDCV99-0383-RT (RCX), 1999 WL 33101661, at *6 (C.D. Cal. Nov. 10, 1999); *Kelly v. City of San Jose*, 114 F.R.D. 653, 656, 661 (N.D. Cal. 1987).

Los Angeles may redact third-party identifying information if it deems it appropriate to preserve third-party privacy, but the responsive documents are to be turned over—subject to the protective order—forthwith (i.e., now).

**IT IS SO ORDERED.**

Dated: 3/21/2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California

2